# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KENLEE BOLTON,

        Defendant.

_____ /

Case Number: 07-20405

GERALD E. ROSEN
UNITED STATES DISTRICT COURT
JUDGE

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION: DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

In this §2255 motion, defendant Kenlee Bolton seeks to set aside his sentence on the grounds that his guilty plea was not voluntary and he received ineffective assistance of counsel during sentencing and on appeal. (Doc. No. 23). The government has filed a response. (Doc. No. 27). For the reasons stated below, the court recommends that defendant's motion to vacate sentence be **DENIED**.

## I. Background

On April 17, 2007, defendant approached a postal carrier in Detroit, as she was getting into her postal truck. (Doc. No. 11; Rule 11 Plea Agreement 2; Guilty Plea Hearing Tr. 22). Defendant was armed with a box cutter. (Rule 11 Plea Agreement 2). Defendant pushed the postal carrier into the front seat of her postal truck, and told her to "Give me her money or I will do her." (Rule 11 Plea Agreement 2; Guilty Plea Hearing Tr. 22). Defendant indicated to the postal carrier that he had

a weapon, and he was aware that the victim was performing her duties as a postal carrier. (Guilty Plea Hearing Tr. 23). The postal carrier surrendered her purse, which contained twenty-five dollars, her identification, and a cellular telephone. (Rule 11 Plea Agreement 2).

On November 16, 2007, defendant pleaded guilty, pursuant to a Rule 11 plea agreement, to one count of assault on a federal officer using a deadly weapon. (Plea Hrg. Tr. 19). During the plea hearing, defendant stated that he understood the plea agreement and that he was freely and voluntarily pleading guilty. *Id.* at 21-22. Defendant also testified that he had not been "diagnosed with any serious physical, mental, emotional, psychological illnesses in the past couple of years[.]" *Id.* at 9. Based on defendant's representations, the court found defendant competent to plead guilty. *Id.* at 9.

In the presentence investigation report, prepared prior to sentencing, defendant indicated that he was hospitalized in a State Hospital as a child but that he did not presently have a mental health disorder. (PSR ¶ 76). The records from the Ypsilanti State Hospital state that defendant was referred to the hospital for "major and long-standing problems with sexually and physically aggressive behavior in the school setting." (PSR ¶ 77).

On April 18, 2008, the court sentenced defendant. (Sentencing Tr. 3). At the sentencing hearing, the court stated that it was considering defendant's psychological issues and asked defense counsel if he had a comment on whether a psychological assessment, for purposes of placement, should be done. *Id.* at 7. Defense counsel replied that a psychological assessment would only benefit defendant and they did not object to such an assessment. *Id.* at 7. After hearing from defendant, the court sentenced him to 180 months. *Id.* at 9.

Thereafter, defendant appealed to the Sixth Circuit. In an unpublished order, the Sixth

Circuit found that defendant entered a valid guilty plea. *United States v. Bolton*, 08-1595 (6th Cir. Aug. 18, 2009). The Court also found that defendant had waived his right to appeal his conviction and sentence, and that his waiver was voluntary. *Id.* The Court further held that, even if his waiver did not preclude review, defendant's appeal lacked merit because the district court properly sentenced defendant. *Id.* Accordingly, the Sixth Circuit affirmed defendant's conviction and sentence. *Id.*

Defendant filed the instant motion on April 1, 2010. (Doc. No. 23). The Honorable Gerald E. Rosen referred this motion to this court for a report and recommendation on April 5, 2010. (Doc. No. 25). The government filed its response on May 14, 2010. (Doc. No. 27).

## II. Standard of Review

A person seeking relief under § 2255 "must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). To prevail under § 2255, a fundamental defect must exist which results in complete injustice or in a violation of due process. *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir.1996). Further, good cause and actual prejudice must be shown if these issues were not brought up on appeal. *Harris v. Reed*, 489 U.S. 255, 258 (1989).

## III. Analysis

Defendant first argues that his guilty plea was not voluntary due to his psychological history, which rendered him unable to understand the nature of the charge and the consequences of his plea. (Doc. No. 23, Def.'s Mot. 4).

3

By pleading guilty, defendant waived his right to have a trial by a jury, to be presumed innocent until proven guilty, and to have the prosecutor prove his guilt beyond a reasonable doubt. A guilty plea constitutes a waiver of several constitutional rights, therefore, it must be made voluntarily and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). A "plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." *Machibroda v. United States*, 368 U.S. 487 (1962), quoting *Kercheval v. United States*, 247 U.S. 220 (1927). The determination of whether the guilty plea was voluntarily and intelligently made must be "based on a comprehensive examination of the totality of the circumstances." *Berry v. Mintzes*, 726 F.2d 1142, 1146 (6th Cir.1984).

From the plea hearing transcript, it is evident that defendant's guilty plea was voluntary. Judge Rosen asked defendant whether he understood the plea agreement, and whether he was freely and voluntarily pleading guilty. (Plea Hrg. Tr. 21-22). Defendant replied that he understood the plea agreement and was freely and voluntarily pleading guilty. *Id.* at 21-22. Defendant also testified that he had not been "diagnosed with any serious physical, mental, emotional, psychological illnesses in the past couple of years[.]" *Id.* at 9. Other than the presentence investigation report, which reveals mental health issues in defendant's childhood, there is no evidence that defendant has suffered from any psychological condition in his adult life that would render his guilty plea involuntary. In addition, defendant was represented by competent counsel during this criminal proceedings, and his attorney reviewed the plea agreement with defendant prior to his guilty plea. (Plea Hrg. Tr. 10). Based on the record before the court, there is nothing to suggest that defendant's plea was anything other than voluntary. Therefore, defendant is not entitled to relief on this ground.

4

Defendant's second claim is that he was denied ineffective assistance of counsel. (Def.'s Mot. 4). Defendant argues that his attorney erred by failing to raise his psychological issues on appeal or before the trial court in an effort to secure a downward departure. *Id.*

The standard for determining whether a defendant's counsel was ineffective in a criminal proceeding is a two-prong test described in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must demonstrate that the performance of counsel "fell below an objective standard of reasonableness" within the legal profession. *Id.* at 688. In making this determination, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, a defendant must establish "that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Defendant has failed to show that his attorney's performance fell below the objective standard of reasonableness within the legal profession. *See Strickland*, 466 U.S. at 688. As discussed above, there is no evidence in the record that defendant had a psychological issue at the time he pleaded guilty or during sentencing. In addition, there is no evidence that defendant alerted his attorney of an undocumented psychological issue such that his counsel could then bring it to the attention of the court. Defendant's attorney could not have raised an issue that he had no knowledge of, nor was he required to raise an argument that was unsupported by the record and defendant's own representations. *See Chapman v. United States*, 74 Fed. App'x 590, 593 (6th Cir.2003) ("Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation."). Defendant's ineffective assistance claim, therefore, fails.

**IV. Conclusion**

For the reasons stated above, the court recommends that defendant's § 2255 motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                S/Virginia M. Morgan
                                                Virginia M. Morgan
                                                United States Magistrate Judge

Dated: September 17, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Kenlee Bolton via the Court's ECF System and/or U. S. Mail on September 17, 2010.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan