UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

                              Civil Action No. 07-20405
                              Honorable Paul D. Borman
v.                             Magistrate Judge Elizabeth A. Stafford

KENLEE BOLTON,
    Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANT-PETITIONER'S MOTION TO VACATE AND/OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [ECF No. 34]**

**I.    Introduction**

On October 5, 2016, Defendant–Petitioner Kenlee Bolton filed a motion to vacate and/or correct his sentence pursuant to 28 U.S.C. § 2255. [ECF No. 34]. The government filed its response opposing Bolton's motion in November 2017.[1] [ECF No. 37]. The Honorable Paul D. Borman referred the motion to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 38]. For the following reasons, the

---

[1] The Sixth Circuit had ordered the district court to hold the matter in abeyance pending the U.S. Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). [ECF No. 31].

1

Court recommends that Bolton's § 2255 motion to vacate and/or correct his sentence be denied.

## II.     Background

On April 17, 2007, Bolton assaulted United States Postal Service letter carrier Anetria Carter as she was delivering mail on her regular route in Detroit. [ECF No. 13, PageID.36].  Armed with a box-cutter, Bolton approached Carter from behind and pushed her into the front seat of her delivery vehicle. [*Id.*]  Bolton ordered Carter to "give me everything you got or I work you right here." [*Id.*]  Carter turned over her purse and Bolton escaped with $25 and a cellular telephone. [*Id.*]

Bolton was indicted for, and later pleaded guilty to, assaulting a federal officer with a deadly weapon, in violation of 18 U.S.C. § 111.  The plea agreement indicated that Bolton was a career offender and that his guideline range was 115 to 188 months.  [ECF No.11, PageID.24, 30].  As explained in the government's sentencing memorandum, Bolton qualified as a career offender because of his numerous prior state court convictions for armed robbery,[2] a "crime of violence."  [ECF No. 13, PageID.37].  At

---

[2] Bolton has eight felony convictions for armed robbery and a ninth conviction for assault. [ECF No. 13, PageID.37]. Seven of the eight robberies involved the use of a firearm. *Id.* During one robbery, Bolton sexually assaulted a victim, grabbing her breasts.

Bolton's sentencing, the Court accepted the plea agreement, and sentenced him to a 180–month term of incarceration. [ECF No. 14].

Following the decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), Bolton filed the motion presently before the Court to vacate and/or set aside his sentence pursuant to 28 U.S.C. § 2255(f).[3]  [ECF No. 34,].

### III.    Applicable Law

### A.

A defendant may be entitled to relief under Section 2255 if his conviction or sentence violates either the Constitution or a federal statute. To prevail, the petitioning defendant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir.2003).

---

[3] In 2010, Bolton filed a motion to vacate and/or set aside his sentence under Section 2255. [ECF No. 23]. He asserted that his plea was not voluntary and that he had ineffective assistance of counsel. The government opposed the motion, and the court denied Bolton's motion for relief. [ECF Nos. 27, 29, 30]. Bolton successfully moved the Sixth Circuit Court of Appeals for authorization to file a successive Section 2255 petition. [ECF No. 31].

**B.**

The United States Sentencing Guidelines ("USSG" or "Guidelines") provide longer sentences for defendants who qualify as "career offenders." A defendant qualifies as a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).  At issue here is whether Bolton has committed offenses which qualify as crimes of violence. When Bolton was originally sentenced, the applicable version of the Guidelines (the 2007 edition) defined "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (2007) (emphasis added).  The italicized wording is known as the "residual clause."  *United States v. Pawlak*, 822 F.3d 902,

4

905 (6th Cir. 2016), *abrogated by Beckles v. United States*, 137 S. Ct. 886, (2017).

## IV. Analysis

### A.

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act (ACCA),[4] which defines a "violent felony," was unconstitutionally vague under due process principles. 135 S.Ct. 2551. This holding created a substantive rule that applied retroactively on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). Bolton contended that the ruling in *Johnson* extended to his career offender qualification under the Guidelines.  His argument was supported by *Pawlak,* which held that the *Johnson* reasoning regarding the residual clause in the ACCA was applicable to the identical residual clause in the Guidelines. 822 F.2d at 904-12 (*comparing* USSG § 4B1.2(a) *with* § 924(e)(2)(B)(ii)).  But after Bolton filed his motion, the Supreme Court overruled *Pawlak,* deciding that *Johnson* does not apply to the Guidelines. *Beckles, v. United States*, 137 S.Ct. 886 (2017).  The *Beckles* Court reasoned that, unlike the ACCA, the Guidelines are merely advisory and

---

[4] 18 U.S.C. § 924(e)(2)(B)(ii).

5

"do not fix the permissible range of sentences"; the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Id.* Bolton's reliance on *Johnson* in support of his §2255 motion must therefore be rejected.

**B.**

Bolton next argues that his prior convictions for armed robbery were erroneously categorized as crimes of violence under U.S.S.G § 4B1.1(a) and § 4B1.2(a). But the Sixth Circuit has established that armed robbery under Michigan law qualifies as a crime of violence under the residual clause of the Guidelines. *United States v. Tibbs*, 685 F. App'x 456, 461 (6th Cir. 2017) (interpreting M.C.L. § 750.529). In *Tibbs*, the court held that the "armed robbery statute at issue…requires that the offender be armed with an actual or perceived weapon, which only increases the risk of violence. Michigan armed robbery therefore fits within the residual clause of the Guidelines." *Id.* The Court "need not parse the Michigan armed robbery statute to determine whether it satisfies the force-as-an-element clause because it qualifies as a crime of violence under the residual clause...." *Id.* So Bolton's prior armed robbery convictions are "crimes of

6

violence" under § 4B1.2(a) and his motion for relief from his sentence must fail.

## V.     CONCLUSION

For the foregoing reasons, the Court recommends that Bolton's § 2255 motion to vacate his sentence [ECF No. 34] be **DENIED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: July 13, 2018

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection

must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2018.

                                               s/Marlena Williams
                                               MARLENA WILLIAMS
                                               Case Manager